IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JULI LEWIS, individually<br>and on behalf of the Heirs at Law<br>of Darlene Lewis, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY<br>COMPANY,<br><br>      Defendant. | No. 06-2724 STA-tmp |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion for Reconsideration, (D.E. # 70), filed on June 20, 2008. Defendant responded in opposition on June 26, 2008, (D.E. # 71). For the reasons set fort below, Plaintiff's Motion is **DENIED**.

### BACKGROUND

Plaintiff Juli Lewis brought this wrongful death action alleging negligence on the part of Defendant Norfolk Southern Railway Corporation. The relevant facts of the case are as follows. Plaintiff and her mother, Darlene Lewis ("Decedent") walked from their home to a nearby convenience store. When Plaintiff and Decedent were walking back to their house, they attempted to cross over one of Defendant's trains which was parked on the tracks. Plaintiff successfully crossed the tracks by stepping over the coupling between two of the railcars, but as Decedent attempted to cross, the train began to move. Decedent fell underneath the boxcar and

1

was killed. On June 12, 2008, the Court granted Defendant's Motion for Summary Judgment finding that Plaintiff had not shown a genuine issue for trial. Plaintiff now moves the court to reconsider under Federal Rule of Civil Procedure 59(e).

## ANALYSIS

Motions under Rule 59(e) may be made for one of the following reasons: 1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; or 4) to prevent manifest injustice.[1] "'[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.'"[2] Furthermore, Rule 59(e) motions should not be based on legal arguments that the movant simply failed to raise in the earlier motion.[3]

In her Motion for Reconsideration, Plaintiff states that she believes the Court may have overlooked specific facts that present a genuine issue for trial. Specifically, Plaintiff asserts that the Court overlooked the fact that she and her mother had crossed over the same parked train on their way to the Mapco Express. Plaintiff argues that a reasonable jury could find that parking the train in obstruction of the crossing amounted to negligence or recklessness on Defendant's part. Plaintiff also asserts that a reasonable jury could determine that the train's failure to sound

---

[1] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

[2] *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), aff'd 11 F.3d 1341 (6th Cir. 1993)).

[3] *See Al-Sadoon v. FISI Madison Fin. Corp.*, 188 F. Supp. 2d 899, 903 (M.D. Tenn. 2002) (refusing to reconsider an order denying an employer's summary judgment motion where the motion to reconsider argued that the employee had failed to establish one element of a prima facie case, while the original summary judgment motion solely argued that he had failed to establish another); *see also Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) ("motions under Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citations and internal quotation marks omitted).

its horn was reckless.

The Court addressed each of these issues in depth in its Order Granting Summary Judgment. Specifically, the Court found that Plaintiff had shown no evidence that the Defendant railroad acted recklessly. Because the crew members of Defendant's train testified that they did not see Plaintiff or Decedent, the Court found that Defendant was not negligent or reckless in failing to ascertain the presence of Plaintiff and Decedent as a train is not required to inspect between its boxcars prior to beginning movement.

In its Order, the Court found that the well-worn path exception to trespassers did not apply to this case. The Court found that the public did not cross on a definite path, but rather moved about the area randomly, and that this type of sporadic use was insufficient to establish a definite path which would raise the railroad's standard of care. The Court also found that the other elements of the well-worn path exception caused it to be inapplicable in this case. There was no evidence that the railroad changed the property in a way to render its condition defective. The "dangerous condition" in question was simply that a train was stopped upon the tracks. The Court pointed out that, because of the obviousness of the dangerous condition, the railroad had no duty to warn of its dangerousness, and the Decedent's injuries were due to her own negligence.

The Court also found that the "look out ahead" rule did not apply to this case because it only applies to persons on the track in front of the train or when the railroad is aware of the trespasser. Because Plaintiff showed no evidence that the railroad was aware of her or Decedent at the time of the accident, no reasonable jury could find that the railroad willfully, intentionally, or recklessly injured Decedent.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE


                Date: July 31st, 2008.